**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | ID No. 2308002596 |
| | ) | |
| DAMEAN M. DUNHAM, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Date Submitted:  September 11, 2023
Date Decided:  October 2, 2023

## ORDER

Upon consideration of Defendant Damean Dunham's Motion for Sentence Modification ("Motion"),[1] Superior Court Criminal Rule 35(b), statutory and decisional law, and the record, **IT APPEARS THAT:**

(1)     On August 30, 2023, Dunham pled guilty to Driving with a Suspended and/or Revoked License (N23-08-0627-I) and Carrying a Concealed Deadly Weapon ("CCDW") (N23-08-0626-I).[2]  Dunham seeks to modify his sentence for Driving with a Suspended and/or Revoked License.  On that charge, Dunham was sentenced to a mandatory minimum of 60 days of unsuspended Level V time and required to pay costs and a $1,000 fine.[3]

---

[1] D.I. 4.

[2] D.I. 2.

[3] D.I. 3.  Dunham's sentence for CCDW is as follows: 8 years at level V, suspended for 1 year at Level II.  *Id.*  Conditions of Dunham's sentence include forfeiture of the firearm seized and no driving without insurance or a license.  *Id.*

1

(2)    Dunham filed the instant Motion on September 11, 2023.[4]  He requests that the Court suspend his remaining Level V time for probation.[5]  In support of his request, Dunham states that Howard Young Correctional Institution is overcrowded, and his good conduct weighs in favor of his modification request.[6]

(3)    Superior Court Criminal Rule 35(b) governs motions for modification of sentence.[7]  The purpose of Rule 35(b) is to "provide a reasonable period for the Court to consider alteration of its sentencing judgments."[8]  Rule 35(b) contains procedural bars for timeliness and repetitiveness.[9]  Under Rule 35(b), the "[C]ourt may reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed."[10]  Furthermore, under Rule 35(b) "[t]he [C]ourt will not consider repetitive requests for reduction of sentence."[11]  Additionally, the Court cannot modify the minimum mandatory portion of a sentence.[12]

(4)    Dunham's Motion is not procedurally barred.  It was filed on September 11, 2023, which is within 90 days from when he was sentenced as required by Rule 35(b).[13]  This is Dunham's first motion, and therefore it is not barred as repetitive.

---

[4] D.I. 4.
[5] *Id.*
[6] *Id.*  Mr. Dunham also states COVID-19 as a concern.  *Id.*
[7] Super. Ct. Crim. R. 35(b).
[8] *State v. Remedio*, 108 A.3d 326, 331 (Del. Super. 2014).
[9] Super. Ct. Crim. R. 35(b).
[10] *Id.*
[11] *Id.*
[12] 11 *Del. C.* § 4204(d).
[13] D.I. 3-4.

(5)     Dunham's unsuspended sentence of 60 days at Level V for Driving with a Suspended and/or Revoked License is a mandatory minimum sentence and the Court lacks the authority to reduce it.[14]  Moreover, the Court finds the sentence is appropriate for all the reasons stated at the time of sentencing.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendant's Motion for Sentence Modification is **DENIED**.

_____/s/ Jan R. Jurden_____
Jan R. Jurden, President Judge

cc:     Original to Prothonotary
        Marc Petrucci, DAG
        Damean Dunham (SBI # 00878708)

---

[14] *See* 21 *Del. C.* § 2756(a).

3